UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
LON RATLEY,                         )
                                    )
          Plaintiff,                )
                                    )
     v.                             )    Civil Action No. 13-CV-0756(KBJ)
                                    )
UNITED STATES                       )
POSTAL SERVICE,                     )
                                    )
          Defendant.                )
                                    )
_____ )

## MEMORANDUM OPINION

This federal case begins with a motion. The plaintiff has maintained from the outset that he is owed $341.99 from the U.S. Postal Service for damage to a package that he mailed. To pursue this recovery, the plaintiff dutifully sought reimbursement directly from the Postal Service by invoking the agency's insured mail policy in the context of an administrative claim, and when that claim was denied, the plaintiff filed a *pro se* complaint in the jurisdiction that is most logically equipped to handle such small claims: the Small Claims and Conciliation Branch of the District of Columbia Superior Court.[1] A magistrate judge in the D.C. Superior Court dismissed the plaintiff's action for improper service on April 20, 2013, whereupon the plaintiff asked to have his terminated small claims action reinstated. This simple motion—one that ordinarily poses a high hurdle and is rarely successfully mounted—would likely have resulted in a

---

[1] The instant action is, in fact, the second complaint that the plaintiff has filed in a small claims court regarding this postal dispute. The plaintiff initially filed an action in the Small Claims Division of the Fairfax County General District Court in Virginia, but that case was dismissed for lack of jurisdiction. (*See* ECF No. 2-1 at 4.)

1

prompt resolution of the matter. Instead, for reasons that have yet to be adequately explained, the Postal Service decided to make a federal case out of this. On May 23, 2013, despite having already secured near-final dismissal of this matter, the Postal Service inexplicably snatched defeat from the jaws of victory by filing a notice of removal pursuant to 28 U.S.C. § 1442(a)(1), and thereby shifting the plaintiff's motion for reinstatement of the complaint—and presumably the entire case—into federal court.

It was clear to this Court almost immediately that the Postal Service's removal notice raised at least two concerns. First, the Court wondered whether a matter that a state court of competent (and certainly, in this case, much better) jurisdiction had already dismissed truly qualified as a "live" controversy that could be subject to this Court's jurisdiction. *See Am. Bar Ass'n v. F.T.C.*, 636 F.3d 641, 647 (D.C. Cir. 2011) ("The mootness doctrine, deriving from Article III, limits federal courts to deciding actual, ongoing controversies.") (citing *Clarke v. United States*, 915 F.2d 699, 700-01 (D.C. Cir. 1990)). More fundamentally, the Court questioned the rationality of a notice of removal filed under these circumstances—*i.e.,* not by a potentially aggrieved party, but by the party *that had already won* in the jurisdiction that it now sought to flee. *Cf. Watson v. Philip Morris Cos.*, 551 U.S. 142, 150-51 (2007) (the purpose of removal includes protection against state court proceedings that may reflect "local prejudice" or hostility towards the federal government) (collecting cases); *Willingham v. Morgan*, 395 U.S. 402, 405 (1969) ("Obviously, the removal provision was an attempt to protect federal officers [and agencies] from interference by hostile state courts."). When the Court considered, too, the fact that the Postal Service's response to the motion to reinstate (U.S.P.S. Resp., ECF No. 4) plainly states that the agency "takes no position"

on the merits of the very motion that was the basis for the agency's invocation of removal jurisdiction,[2] coupled with the fact that it would have cost plaintiff more in filing fees to bring this action in federal court in the first instance than he sought to recover as a result of the lawsuit,[3] the Court quickly reached the inescapable conclusion that a reevaluation of the agency's removal determination, or at least some explanation, was required.  Consequently, on June 4, 2013, this Court issued an order to show cause, ostensibly to ask the Postal Service to explain "why the Court has jurisdiction over this matter" and "why a motion to reinstate a dismissed complaint is a live controversy for the purposes of removal," but primarily to provide the Postal Service with ample opportunity revisit its decision to remove to federal court a meager-money claim that the state court had already all-but-resolved in the agency's favor.

On July 10, 2013, the Postal Service filed its response to the Court's order show to cause. (Show Cause Resp., ECF No. 6.)  Without a hint of irony, the Postal Service argues that "Defendant's removal of Plaintiff's motion to reinstate Plaintiff's [dismissed] complaint was proper." (*Id.* at 1.)  Without acknowledging in any way the oddity of a victorious state-court defendant insisting that a plaintiff's motion to reopen the dismissed case be litigated in federal court at a cost far greater than the claimed benefit, the Postal Service vigorously maintains that the agency properly removed the plaintiff's reinstatement request in this case for two reasons:  first, because "the USPS, a federal agency, was improperly sued in state court," and, second, because the

---

[2] The Court found it difficult to fathom how any defendant could "take no position" on a plaintiff's motion to reopen a dismissed lawsuit.

[3] The plaintiff's District of Columbia Superior Court Small Claims and Conciliation Statement of Claim sought a recovery in the amount of $341.99. (*See* ECF No. 5-1 at 27.) His prior action in the Small Claims Division of the Fairfax County General District Court included additional shipping costs and claimed damages in the amount of $353.73. (*See* ECF No. 2-1 at 4.) By comparison, the filing fee for a civil action brought directly in the U.S. District Court for the District of Columbia is $350.00.

plaintiff's motion for reinstatement "constitutes a removable 'civil action' under 28 U.S.C. § 1442(d)(1)." (*Id.*)

In regard to the first point, the agency has provided no authority for the contention that it had been "improperly" sued in small claims court, nor is there any record of the agency having made that argument to the state court judge. Nevertheless, even assuming that the Postal Service cannot be sued in small claims court as the agency now suggests, the state court's dismissal of the case at issue here surely cured that legal defect. One would think that the Postal Service would have been content to rest on that purportedly fitting end to the potentially misdirected action, but the agency here has done precisely the opposite: it eschewed the opportunity to proclaim its purported immunity and thereby put a stop to this matter once and for all, and instead singlehandedly resuscitated plaintiff's near-dead case by giving it new life in a fresh federal forum through the filing of a notice of removal.

The Postal Service's second justification for removing this matter to federal court rests solely on the statutory requirements for federal jurisdiction and removal. (*See* Show Cause Resp. at 2.) Without appreciating any distinction between the validity of a removal notice and its rationality, the agency points squarely to the statutory framework and mechanically recites the applicable removal analysis. Under 28 U.S.C. § 1442(a)(1), it argues, a "civil action" brought against any federal agency "may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." (*Id.* (quoting 28 U.S.C. § 1442(a)).) And the plaintiff's motion to reinstate his dismissed complaint qualifies as a "civil action" for the purpose of the removal statute, the agency asserts, because the "[p]laintiff's

4

motion is a 'proceeding' in which a 'judicial order' 'is sought.'" (*Id.* at 3 (quoting 28 U.S.C. § 1442(d)(1)).) This may be true, but here it is also largely beside the point. Like the proverbial scientist who dutifully documents the trees but can't quite envision the forest, the Postal Service firmly presses its contention that each of the statutory requisites for removal, construed broadly as appropriate, are fully satisfied here (*id.* at 2-3) without providing any clues as to a broader and more fundamental question: *why* did the agency determine that removal to federal court (even if valid) was appropriately invoked under the circumstances presented in this case?

     Nevertheless, the Court is persuaded. The Court finds that it does have jurisdiction to hear this case on the basis of 28 U.S.C. § 1442 and 28 U.S.C. § 1446, as the Postal Service argues. The Court also finds that the Postal Service has clearly and unequivocally chosen the federal court path in adjudicating this $341.99 claim, despite the fact that leaving well enough alone would certainly have been the easier, less-costly, and more efficient option for resolution of this dispute. Unfortunately for the agency, there is more. This Court also finds that, in the course of purposely electing to revive this nearly-extinguished state court action against it, the Postal Service has expressly *conceded* the crucial question of whether or not the plaintiff's case should, in fact, be reopened. This the agency has done by inserting into its Response to the Motion to Reinstate the unequivocal (and quite remarkable) statement that the agency "takes no position" on the matter. (U.S.P.S. Resp. at 1.) *See Shankar v. ACS-GSI*, 258 Fed. Appx. 344, 345 (D.C. Cir. 2007) (holding that plaintiff conceded the merits of an issue when he "did not respond in any way to defendant's argument" on the issue in his opposition before the district court); *Nat'l Sec. Counselors v. C.I.A.*, 898 F. Supp. 2d

233, 268 (D.D.C. 2012) ("[T]he Court may treat the plaintiff's failure to oppose the defendant's . . . arguments as a decision to concede those arguments.") (internal citations omitted); *see also* LCvR 7(b) (when a party fails to oppose a motion, the Court may treat the motion as conceded). To be sure, this result may have been inevitable—having relied on the pending motion to reinstate the dismissed complaint as the sole grounds for bringing what remained of this case into federal court, the agency probably could not have also been heard to oppose that very motion. But the fact that the Postal Service here disclaims any opposition to the reopening of the plaintiff's case against it renders reinstatement of the dismissed action nearly a foregone conclusion.

Accordingly, and remarkably without opposition, the plaintiff's motion for reinstatement of his complaint is granted and his case is reopened, now in federal court. By operation of the Federal Rules of Civil Procedure, the onus is now on the agency to respond to the revived complaint, which a defendant ordinarily must do within 21 days of receipt of the complaint—"through service or otherwise"—or within 7 days after filing the notice of removal, whichever is longer. FED. R. CIV. P. 81(c). As it happens, on May 24, 2013, the Postal Service requested an extension of time to file a responsive pleading as part of its Response to the Motion to Reinstate the Complaint—time the agency said it needed to "procure the complaint from the Clerk of the DC Superior Court[.]" (U.S.P.S. Resp. at 2.) Six days later, all of the pleadings from the plaintiff's D.C. Superior Court case were filed on the federal docket by virtue of the removal (Super. Ct. Docs., ECF No. 5), which means that the agency is currently in receipt of plaintiff's complaint for the purpose of Rule 81(c). Nevertheless, as set forth in the accompanying order, the Court will grant defendant's request for more time to submit

its answer or otherwise file a responsive pleading to the complaint.  With this additional time, both parties will have an opportunity to assess fully their respective positions going forward in regard to this matter.  A separate Order accompanies this Memorandum Opinion.

Date:   July 18, 2013                            *Ketanji Brown Jackson*
                                                      KETANJI BROWN JACKSON
                                                      United States District Judge